**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **2 parcels of real property consisting of 30** | * | |
| **acres, More or Less, together with its** | * | **CIVIL ACTION NO:  08-111-WS-M** |
| **building, appurtenances, improvements,** | * | |
| **fixtures, attachments and easements, that** | * | |
| **would constitute the residence, curtilage** | * | |
| **and outlying  property in Mobile County,** | * | |
| **Alabama, purportedly in the name  of** | * | |
| **Cherie Marceaux.** | * | |
| | * | |
| **Defendants.** | * | |

<u>**ORDER OF FORFEITURE**</u>

This matter comes before the Court on plaintiff's Motion for Order and Judgment of Forfeiture (doc. 23), as well as plaintiff's Supplement to Motion for Final Order and Judgment of Forfeiture (doc. 26).  For cause shown, the Motion is **granted**.

The court file reflects that on February 20, 2008, plaintiff filed a verified Complaint for forfeiture *in rem* against the defendants, 2 parcels of real property consisting of 30 acres, More or Less, together with its building, appurtenances, improvements, fixtures, attachments and easements, that would constitute the residence, curtilage and outlying property in Mobile County, Alabama, owned by Cherie Marceaux (the "Property"), pursuant to 21 U.S.C. § 881(a)(7) and 18 U.S.C. § 985(c)(1)(A).  The Complaint alleges that the Property is subject to forfeiture under these provisions because it was used or intended to be used to commit, or to facilitate the commission of, violations of the Controlled Substances Act by David Mark Young, who is under indictment in a criminal action pending in this district captioned *United States v. David Mark Young*, Criminal Number 06-0278-KD.  Young is charged with, *inter alia*, conspiring to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. § 846.  According to the well-pleaded allegations of the Complaint,

Young cultivated, stored, packaged, and sold large quantities of marijuana on the Property, and also secreted proceeds from the sale of controlled substances on the Property.

The Property is more fully described by the following legal descriptions:

## Property Description # 1

Commencing at the SW corner of the E1/2 of NW1/4 of Section 18, Township 4S, R3W, Mobile County, Alabama, thence run North 760', thence run East 297' to point of beginning, thence run North 210', thence run South 210', thence run West 210' to point of beginning, containing one acre, more or less.
EXCEPTING THEREFROM all interests in and to all oil, gas and other minerals in, on and/or under said property and all rights in connection therewith which may have been granted, reserved or leased to others by instruments of record in the office of the Judge of Probate of Mobile County, Alabama; and
It is the express intent of the grantor herein to convey ownership of all oil, gas and other mineral interests in, and/or under said property and all rights in connection therewith which have not been previously granted to or reserved by others.

## Property Description # 2

Commencing at the Southeast corner of the East Half of the Northwest Quarter of Section 18, Township 4 South, Range 3 West, Mobile County, Alabama; thence S-89°20'42"-W along said South line of said East Half of Northwest Quarter 707.32 feet to the point of beginning of the property herein described; thence continue S-89°20'42"-W along said South line 649.0 feet to a point; thence N-00°29'37"-W along the West line of said East Half 1389.9 feet to a point; thence N-89°44'31"-E 1013.40 feet to a point; thence S-01°30'45"-E 740.57 feet to a point; thence S-31°47'35"-W 250.0 feet to a point; thence S-44°05'14"-W 318.01 feet to a point; thence S-05°17'02"-W 206.64 feet to the point of beginning.  Contains 29.2 acres more or less.
EXCEPTING THEREFROM such oil, gas and other minerals in, on and under said property, together with all rights in connection therewith as have been previously reserved by or conveyed to others than the Grantors, but including in this conveyance such oil, gas and other minerals and rights in connection therewith, as are owned by Grantors.

Process was fully issued in this action for the forfeiture of the defendant Property under the Complaint. Pursuant to 18 U.S.C. § 985(c)(1)(B), the Government posted a copy of the complaint at the only residence located on the Property on June 6, 2008. (Waggoner Decl. (doc. 26-4), ¶¶ 3-4.)

Under 18 U.S.C. §§ 985(c)(1)(C) and 985(c)(2)(C), when the Government brings a civil forfeiture action against real property, it must serve notice and a copy of the complaint on the property owner or, if the property owner cannot be located, provide constructive notice in accordance with applicable state law. Deeds recorded in the Probate Court of Mobile County, Alabama, reflect that the sole owner of the Property is Cherie Marceaux. (Doc. 23, at Attachments 2 & 3.)[1] Accordingly, the Government personally served Marceaux with copies of the complaint and notice of forfeiture at an address in Stone Mountain, Georgia, on or about June 28, 2008. (Doc. 17.) Several months later, in November 2008, counsel for the Government spoke by telephone with someone identifying herself as Marceaux. In that conversation, Marceaux confirmed that she had received the complaint and notice of forfeiture, and that she did not wish to file a claim or otherwise oppose forfeiture of the Property. (Lankford Decl. (doc. 26-2), ¶ 2.) Based on the foregoing, the Court finds that the Government has fulfilled the service requirements of 18 U.S.C. § 985(c)(1)(C) with respect to Marceaux.[2] She has neither filed a

---

[1]    It appears that Marceaux is Young's spouse. (Doc. 23, at Attachment 1.) According to the recorded deeds, Young conveyed the Property to Marceaux in August 2005.

[2]    This is so despite the presence of a minor technical defect in the notice. The Government acknowledges that the copy of the notice of forfeiture that it served on Marceaux in June 2008 incorrectly stated that her deadline for filing a claim was March 26, 2008 (*i.e.*, some three months prior to service), with her answer or motion in response to the complaint due within 20 days thereafter. The March 26 deadline recited in the notice was erroneous and potentially misleading, inasmuch as it suggested that the deadline for Marceaux to oppose forfeiture had expired before she ever received the notice. The Government attempted unsuccessfully to obtain written verification from Marceaux that she did not wish to make a claim, or to serve her with a deposition subpoena to confirm her position; unfortunately, Marceaux appears to have moved from the Stone Mountain, Georgia address where she was originally served, and her present whereabouts are unknown. (Lankford Decl. (doc. 26-2), ¶¶ 2-5; Turner Decl. (doc. 26-3), ¶¶ 3-5.) Nonetheless, the incorrect date in the notice (and the Government's unsuccessful attempt to correct it) does not preclude forfeiture in this case for two reasons. First, as stated, counsel for the Government spoke with Marceaux by telephone in November 2008, at which time she confirmed that she had received notice and that she was not interested in pursuing a claim or

claim nor indicated to the Government or the Court that she wishes to do so, despite having been served with notice more than 10 months ago.

In addition to effecting personal service on Marceaux, the Government has complied with the provision in Supplemental Rule G(4)(a) requiring publication of notice in civil forfeitures in order for the court to enter a judgment of forfeiture, except in certain circumstances not applicable here.[3]  Supplemental Rule G(4)(a)(iii) and (iv) require newspaper publication once a week for three consecutive weeks in a newspaper generally circulated in the district where the action is filed or where the property was seized.  Alternatively, the government may publish notice of the proposed forfeiture on an official internet government forfeiture site for at least 30

_____

otherwise opposing forfeiture of the Property.  Second, the notice of forfeiture served on Marceaux stated both that she had 35 days after the notice was sent in which to make a claim and that her deadline was March 26, 2008. (Doc. 1-3, at 2.)  Any reasonable recipient would have seen the discrepancy and, if interested in making a claim, would have made inquiry of the Government's counsel (whose name and contact information were listed on the notice) or otherwise investigated as to which deadline was correct.  Marceaux did not do so; indeed, at no time in the more than 10 months since she received notice has she apparently made any attempt to assert a claim or contest forfeiture of the Property.  Under the specific circumstances of this case, the Government's notice is adequate to satisfy § 985(c)(1)(C) and the requirements of due process, notwithstanding the unfortunate clerical error.  *See generally Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (indicating in administrative forfeiture context that notice need only be reasonable, and that the Government must attempt to provide actual notice); *Reams v. Irvin*, 561 F.3d 1258, 1265 (11th Cir. 2009) ("To be constitutionally adequate, notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (citations and internal quotation marks omitted).  Furthermore, Rule G(4)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that "[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice."  *Id.*  Notwithstanding the regrettable technical error in the content of the notice, Marceaux unquestionably had actual notice of this forfeiture action, both from the papers with which she was personally served by the Government and her direct telephone conversation with the Government's counsel several months later.  Given this evidence of direct, actual notice to Marceaux, the inadvertent recitation of conflicting deadlines for her to file a claim poses no impediment to forfeiture at this time.

[3]     Pursuant to 18 U.S.C. § 983(a)(3)(A), a civil forfeiture complaint brought by the Government must be filed "in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims."  *See also* Supplemental Rule G(1) ("This rule governs a forfeiture action *in rem* arising from a federal statute.").

consecutive days, according to Supplemental Rule G(4)(iv)(C).  In this case, the Government did both.  It published notice in the *Press-Register* on July 31st, August 7th and August 14th.  (Doc. 20).  And, it published notice at the Government's official internet forfeiture site www.forfeiture.gov for 30 consecutive days ending August 2, 2008.  (Doc. 21).  As a result, any putative claimants who received notice from the newspaper publication had until 30 days after the last date of publication (by September 15th) to file a claim and 20 days after that (by October 6th) to file a motion or answer.  Likewise, those who received internet notice had until September 2nd to file a claim and until September 22nd to file a motion or an answer.  No such claims on any other responsive pleadings have been filed and the time to do so has long since expired.

All identifiable potential claimants were served directly.  All possible claimants have had adequate notice and time in which to file a claim, motion and an answer.  No such claims, motions or answers have been filed, and the filing deadlines of Supplemental Rules  G(5)(a)(ii) and G(5)(b) have expired.

With no claims, motions, answers, or any other pleadings having been filed in opposition to the forfeiture of said defendant, and there being no remaining issues, final disposition of this action is appropriate at this time.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      This Court has jurisdiction over the subject matter, and the complaint states a claim upon which relief may be granted.

2.      In accordance with the verified complaint, the defendants, 2 parcels of real property consisting of 30 acres, More or Less, together with its building, appurtences, improvements, fixtures, attachments and easements, that would constitute the residence, curtilage and outlying property in Mobile County, Alabama, in the name of Cherie Marceaux, as more fully described herein, are **ordered** to be forfeited to the plaintiff, the United States of America, for disposition according to law pursuant to the provisions of 21 U.S.C. § 881(a)(7) and 18 U.S.C. § 985(c)(1)(A).

3.      This Order resolving all matters and issues joined in this action, the Clerk of Court is directed to close this file for administrative and statistical purposes.

**DONE and ORDERED** this 4th day of May, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE