# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     **CIVIL ACTION 08-0111-WS-M** |
| | ) |
| **2 parcels of real property consisting of 30 acres, more or less, together with its building, appurtenances, improvements, fixtures, attachments and easements, that would constitute the residence, curtilage and outlying property in Mobile County, Alabama, purportedly in the name of Cherie Marceaux.** | ) ) ) ) ) ) ) ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This closed civil forfeiture action comes before the Court on claimant David M. Young's *pro se* filing styled "Motion to Stay or Injunction Pending Appeal Motion for Stay" (doc. 35).

On May 4, 2009, this Court entered an Order of Forfeiture (doc. 27) directing that the defendant parcels of real property be forfeited to the Government for disposition according to law pursuant to the provisions of 21 U.S.C. § 881(a)(7) and 18 U.S.C. § 985(c)(1)(A). That Order specifically noted the following relevant facts: (a) the Complaint alleged that those parcels were subject to forfeiture because David Mark Young had used them to commit or facilitate commission of violations of the Controlled Substances Act by cultivating, storing, packaging and selling large quantities of marijuana, and secreting the proceeds of such sales, on that property; (b) the Government gave actual notice of this civil forfeiture action to Cherie Marceaux, who is Young's spouse and the sole owner of those parcels according to deeds recorded in probate court; (c) Marceaux expressly informed the Government that she had received notice and did not wish to file a claim or oppose forfeiture of the property; (d) the Government duly complied with its publication obligations under applicable civil forfeiture requirements; and (e) no other claimants (including Young) came forward during the designated period. Judgment of Forfeiture (doc. 28) was entered contemporaneously with the Order of Forfeiture.

Nearly 14 months later, after being taken into custody and pleading guilty to federal criminal charges in this District Court dating back to 2006, Young finally came forward in this action and filed a motion for injunction to halt the forfeiture of these two parcels on the ground that he had never consented to such forfeiture in his related criminal proceedings. (*See* doc. 33.) On June 29, 2010, this Court entered an Order (doc. 34) denying Young's motion. The June 29 Order explained that Young's withholding of consent to criminal forfeiture was irrelevant given the already-completed civil forfeiture of that property, and that Young appears to have neither a cognizable interest in the subject parcels nor standing to object to the forfeiture. Young is now appealing the June 29 Order to the Eleventh Circuit Court of Appeals. In connection with that appeal, Young requests a stay of the underlying order and judgment of forfeiture in this case.

Where an appellant files a motion for stay pending appeal, that appellant must show: "(1) a likelihood that they will prevail on the merits of the appeal; (2) irreparable injury to the [appellants] unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *In re Federal Grand Jury Proceedings (FGJ 91-9), Cohen*, 975 F.2d 1488, 1492 (11th Cir. 1992); *see also Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (reciting same factors). As the party seeking a stay, Young bears a heavy burden to show that this extraordinary remedy is warranted. *See Garcia-Mir*, 781 F.2d at 1453 ("[t]he grant of an emergency motion to stay the trial court's mandate is thus an exceptional response"); *McCammon v. United States*, 584 F. Supp.2d 193, 197 (D.D.C. 2008) ("granting a stay pending appeal is always an extraordinary remedy, and … the moving party carries a heavy burden to demonstrate that the stay is warranted") (citation and internal quotation marks omitted); *Gay Lesbian Bisexual Alliance v. Sessions*, 917 F. Supp. 1558, 1561 (M.D. Ala. 1996) (stay pending appeal "is considered extraordinary relief for which the moving party bears a heavy burden") (citation omitted); *see generally Nken v. Holder*, --- U.S. ----, 129 S.Ct. 1749, 1757, 173 L.Ed.2d 550 (2009) (noting that stay of a final order pending review amounts to "intrusion into the ordinary processes of administration and judicial review") (citation omitted).

It is well established that the likelihood of success on the merits is ordinarily the "most important" factor in the analysis and requires, at a minimum, a showing of a "substantial case on the merits," even upon a strong showing of the other three factors. *Garcia-Mir*, 781 F.2d at 1453; *see also Nken*, 129 S.Ct. at 1761 ("It is not enough that the chance of success on the merits be better than negligible" and "more than a mere possibility of relief is required.") (citations

omitted); *Al Maqaleh v. Gates*, 620 F. Supp.2d 51, 56 (D.D.C. 2009) (as to first factor, movant must at least raise "serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation") (citation omitted); *Fullmer v. Michigan Dep't of State Police*, 207 F. Supp.2d 663, 664 (E.D. Mich. 2002) (movant seeking a stay of judgment pending appeal "must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal" and "is always required to demonstrate more than the mere possibility of success on the merits") (citations omitted).

In light of the defects identified in the June 29 Order, and Young's failure to address them in any meaningful way in subsequent filings, the Court is of the opinion that Young has no substantial case on the merits, and that he has not demonstrated more than a negligible chance of success on appeal. In particular, he has not explained why his failure to consent to criminal forfeiture of the property makes any difference at all to the validity of already-concluded civil forfeiture proceedings. Nor has Young identified any facts or evidence that he owns the property, that he possessed some cognizable legal interest in it at the time of forfeiture, or that he otherwise has standing to contest the civil forfeiture. Finally, Young has presented no facts or argument that reasonably call into question the validity of the civil forfeiture proceedings, or that suggest the presence of some legal or procedural defect that invalidates or taints the order and judgment of forfeiture entered on May 4, 2009. At best, Young offers conclusory statements that he disagrees with unspecified facts in the June 29 Order, that he disputes the existence of subject matter jurisdiction for unspecified reasons, and that he disagrees that the civil forfeiture was conducted properly, all without saying why. Such vague and unsupported statements fall well short of meeting Young's burden for issuance of a stay pending appeal.

Simply put, Young has failed to satisfy his heavy burden of demonstrating entitlement to the extraordinary remedy of a stay pending appeal, inasmuch as he has failed to make any showing whatsoever of a likelihood of success on the merits that is better than "negligible" or a "mere possibility." Accordingly, his Motion to Stay (doc. 35) is **denied**, whether viewed through the lens of Rule 8(a)(1), Fed.R.App.P., or Rule 62(c), Fed.R.Civ.P.

DONE and ORDERED this 14th day of July, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE